13-409-cr
United States v. Lopez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fourteen.

PRESENT:  DENNY CHIN,
          SUSAN L. CARNEY,
          CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    Appellee,

          -v-                                    13-409-cr

ALBERT LOPEZ,
                    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:             NDIDI N. MOSES, Assistant United States Attorney (Jonathan S. Freimann and Robert M. Spector, Assistant United States Attorneys, on the brief), for Deirdre M. Daly, Acting United States Attorney for the District of Connecticut, New Haven, Connecticut.

FOR DEFENDANT-APPELLANT:  CHARLES F. WILLSON, Nevins Law Group LLP, East Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Underhill, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Albert Lopez appeals from the district court's judgment entered January 18, 2013, convicting him, following a plea of guilty, of one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Lopez principally to a term of imprisonment of 60 months.

Lopez challenges the district court's decision entered August 6, 2012, denying his motion (1) to suppress evidence obtained during a purportedly unlawful search following a traffic stop and (2) for sanctions based on the government's destruction of video and audio recordings of the stop.[1]  Lopez conditioned his guilty plea on his right to appeal the district court's denial of his motion to suppress.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

A.    **The Motion to Suppress**

On appeal, Lopez does not argue that the traffic stop was unlawful.  Instead, Lopez argues that (1) the state trooper

---

[1]    Judge Eginton conducted the suppression hearing and issued the decision denying the motion.  The case was thereafter transferred to Judge Underhill, who presided over the sentencing.

detained him for an unreasonable duration, (2) the trooper did not have reasonable suspicion to continue to detain him or to pat him down, and (3) he did not voluntarily consent to the pat-down.

A police officer may briefly detain an individual for questioning "if the officer has a reasonable suspicion that criminal activity may be afoot." United States v. Colon, 250 F.3d 130, 134 (2d Cir. 2001) (internal quotation marks omitted) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). "An officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as the inquiries do not measurably extend the duration of the stop." Arizona v. Johnson, 555 U.S. 323, 333 (2009). Once an officer properly stops an individual, he is "entitled to conduct a patdown search" following "problematic response[s]" to police inquiries suggesting that the individual may be armed. United States v. Muhammad, 463 F.3d 115, 123 (2d Cir. 2006). "When evaluating the reasonableness of a Terry stop, the reviewing court must consider the totality of the circumstances . . . through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." United States v. Bayless, 201 F.3d 116, 133 (2d Cir. 2000) (internal quotation marks and citations omitted).

"On an appeal from a ruling on a motion to suppress, we review a district court's findings of historical fact for clear error, but analyze de novo the ultimate determination of such legal issues as probable cause . . . ." United States v. Valentine, 539 F.3d 88, 93 (2d Cir. 2008) (citations and internal quotation marks omitted).  As the suppression motion was denied below, we construe the facts in the government's favor.  United States v. Singh, 415 F.3d 288, 293 (2d Cir. 2005).

The relevant facts, as found by the district court, are as follows: Marcin Pirog, a Connecticut state trooper, stopped Lopez on Interstate 91 because Lopez had exhibited erratic driving behavior.  During his initial exchange with Lopez, Pirog noticed two cellular phones and an air freshener in Lopez's car, which the trooper identified as "indicators of criminal activity."  United States v. Lopez, No. 3:11-CR-139-WWE, 2012 WL 3231014, at *1 (D. Conn. Aug. 6, 2012).  Pirog also observed that Lopez was shaking and breathing irregularly.  Lopez also had difficulty answering questions about his travel plans.  These facts, taken together, were sufficient to give an investigating officer reasonable suspicion that criminal activity was afoot.

Further, Pirog's questioning did not "measurably extend the duration of the stop."  Pirog questioned Lopez for

less than five minutes before requesting consent for a pat-down. Lopez provided consent: after exiting the vehicle, Lopez turned around and raised his hands, without prompting, and when Pirog requested Lopez's consent, Lopez said, "Go ahead."

Accordingly, we agree with the district court that the detention and questioning were justified by reasonable suspicion and therefore were permissible under Terry and its progeny.

Even assuming arguendo that the pat-down was not supported by reasonable suspicion, we conclude that the district court did not clearly err in finding that Lopez voluntarily consented to the search. Police officers may ask for an individual's consent to a search, provided they do not induce cooperation by coercive means. United States v. Drayton, 536 U.S. 194, 201 (2002). There is no indication in the record that Pirog used coercive means. To the contrary, Lopez consented to the pat-down immediately after exiting his vehicle.

B.   **The Request for Sanctions**

Lopez also argues that the district court erred in denying his request for sanctions. Lopez contends that the government intentionally destroyed video and audio recordings of the traffic stop. These recordings were allegedly made on equipment belonging to Trooper Kevin Dowe, the second trooper to arrive on the scene.

In response, the government contends that Lopez waived his right to appeal the district court's denial of his request for sanctions, as Lopez's plea agreement does not expressly reserve the right to appeal this denial.  Lopez argues that the plea agreement is ambiguous and that his request for sanctions should be considered part of his motion to suppress.  We need not address the waiver argument, however, as we conclude that Lopez's appeal fails on the merits.

We review a district court's denial of a motion for sanctions for abuse of discretion.  United States v. Seltzer, 227 F.3d 36, 39 (2d Cir. 2000).  "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (internal quotation marks omitted) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990)).

To prevail on a motion for sanctions for the loss or destruction of evidence, a defendant must show that (1) the government acted in bad faith by destroying the evidence, see Arizona v. Youngblood, 488 U.S. 51, 57 (1988); (2) the evidence possessed an "exculpatory value that was apparent before it was destroyed," California v. Trombetta, 467 U.S. 479, 489 (1984);

and (3) the defendant was "unable to obtain comparable evidence by other reasonably available means," id.

The district court found that "the evidence at issue would not have any exculpatory value because the audio and video evidence provided by the primary officer's recording was clear." United States v. Lopez, No. 3:11-CR-139-WWE, 2012 WL 3231014, at *3 (D. Conn. Aug. 6, 2012). Furthermore, the district court found that, even if a second set of recordings did exist, they would be inferior in quality in comparison to Trooper Pirog's recordings. Id.

Here, Lopez not only had access to Trooper Pirog's recordings but the opportunity to question Trooper Dowe at the suppression hearing. Lopez therefore cannot show that he was "unable to obtain comparable evidence by other reasonably available means." Accordingly, we conclude that the district court did not abuse its discretion in denying Lopez's request for sanctions.

We have considered Lopez's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk